NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1128
_____

SELVIA ZAKLAMA,
                              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE


_____

No. 14-1129
_____


SELVIA ZAKLAMA
                    Appellant

v.

COMMISSIONER OF INTERNAL REVENUE


_____

No. 14-1130
_____


ESMAT ZAKLAMA, Deceased
                              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

On Appeal from the United States Tax Court
Nos. 09-9275, 09-9276, 09-9277
Judge: Honorable Michael B. Thornton

Submitted Pursuant to 3d Cir. L.A.R. 34.1(a)
September 11, 2014

Before: McKEE, *Chief Judge*, SMITH AND SHWARTZ, *Circuit Judges*

(Filed: October 1, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge*.

In a comprehensive memorandum opinion dated December 18, 2012, the United States Tax Court upheld, as explained therein, the tax deficiencies and penalties determined by the Commissioner of the Internal Revenue Service for taxable years 1992 through 1997 for Selvia Zaklama and for taxable years 1995 through 1997 for Esmat Zaklama. Thereafter the Tax Court ordered the parties to file computations. The Commissioner complied with that order. When the Zaklamas failed to do so, the Tax Court ordered the Zaklamas to file any objections to the Commissioner's computation by September 10, 2013. In the absence of a response from the Zaklamas, the Tax Court entered its decision on October 18, 2013, adopting the Commissioner's computations.

On November 18, 2013, the Zaklamas filed a motion for reconsideration seeking to vacate the computations and secure additional time to submit their own computations. The Tax Court construed the motion as a motion to vacate under Tax Court Rule 162 and

denied it. The Court cited the failure by the Zaklamas to timely comply with its orders and the fact that this "latest motion reflects a pattern of delay that has characterized petitioner[s]'s prosecution of this case for many years." This timely appeal followed. The Zaklamas contend that the Tax Court erred because reconsideration should have been granted so they would have additional time to submit their own computations.

The Tax Court exercised jurisdiction under 26 U.S.C. §§ 6214 and 7442. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's denial of the motion to vacate for an abuse of discretion. *Drobny v. Comm'r of Internal Revenue*, 113 F.3d 670, 676 (7th Cir. 1997). Under the circumstances of these cases, which have been protracted, we conclude that the Tax Court did not abuse its discretion in denying the motion for reconsideration. We will affirm the order of the Tax Court.